UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3227 CAS (RCx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION v. GOLDEN EMPIRE MORTGAGE, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS): DEFENDANTS' MOTION TO STRIKE AFFIRMATIVE DEFENSES** (filed 11/2/09)

      The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of January 11, 2010, is hereby vacated and the matter is hereby taken under submission.

**I.**     **INTRODUCTION**

      On May 7, 2009, plaintiff Federal Trade Commission ("FTC") filed suit against defendants Golden Empire Mortgage ("Golden Empire") and Howard Kootstra ("Kootstra"), the sole shareholder, owner, president, and chief executive officer of Golden Empire. In its complaint, plaintiff FTC alleges claims for race discrimination under Sections 5(a), 13(b), and 19 of the Federal Trade Commission Act, 15 U.S.C. §§ 45(a), 53(b), and 57b; Section 704(c) of the Equal Credit Opportunity Act ("ECOA"),[1] 15 U.S.C. § 1691c(c); and Section 202.16(a)(2) of Section 704's implementing Federal Reserve Board Regulation B, 12 C.F.R. § 202.16(a)(2). Compl. ¶ 1. The FTC seeks consumer redress, disgorgement, and other equitable relief including a permanent injunction. Id.

      On July 21, 2009, defendants filed a motion to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6), and a motion to transfer venue to the United States District Court,

---

     [1] The ECOA prohibits "any creditor [from] discriminat[ing] against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race [or] . . . national origin." 15 U.S.C. § 1691(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3227 CAS (RCx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION v. GOLDEN EMPIRE MORTGAGE, INC.; ET AL. | | |

Eastern District of California. On September 14, 2009, the Court denied both motions.

On November 2, 2009, the FTC filed the instant motion to strike. On November 30, 2009, defendants filed their opposition. On December 7, 2009, the FTC filed its reply. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    BACKGROUND

The FTC alleges that defendants Golden Empire and Kootstra discriminated in their loan pricing for its Hispanic borrowers in violation of the ECOA. Compl. ¶¶ 4-5, 20, 24. The FTC alleges that defendants charged Hispanic applicants higher prices for mortgage loans than non-Hispanic white applicants in 2006. Id. ¶ 24. The FTC further alleges that these pricing disparities cannot be explained by any legitimate underwriting risk factors or credit characteristics of the applicants. Id.

The FTC alleges that the price of each mortgage loan originated by defendants' loan officers and branch managers in 2006 included both an interest rate and up-front fees. Id. at ¶ 11. The FTC further alleges that the price of each mortgage loan was determined (1) in part by the credit characteristics of applicants (the "risk-based price") and (2) in part at the discretion of defendants' employee loan officers and branch managers (the "overage"). Id. These overages were allegedly not based on the underwriting risk or the credit characteristics of the applicants. Id. at ¶ 12. The FTC alleges that as a matter of policy, defendants' loan officers and branch managers could, at their discretion, charge applicants overages through a higher interest rate, higher up-front charges, or both ("discretionary pricing policy"). Id. The FTC further alleges that defendants authorized this policy. Id. The FTC alleges that pursuant to discretionary pricing policy, defendants' loan officers keep as compensation a portion of whatever overage they charge applicants, and branch managers keep as compensation the net profits of their branches. Id. at ¶¶ 13-16. The FTC alleges that defendants' discretionary pricing policy resulted in discrimination in violation of the ECOA. Id. at ¶ 24.

## III.   LEGAL STANDARD

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3227 CAS (RCx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION v. GOLDEN EMPIRE MORTGAGE, INC.; ET AL. | | |

12(f).  Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous."  A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material.  The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law.  Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974).  The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored.  Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**IV.   DISCUSSION**

First, the FTC argues that defendants' first affirmative defense, that the FTC "lacks the authority to bring this action," is nothing more than a bare assertion and fails as a matter of law.  Mot. at 3-4.  The FTC argues that the plain language of ECOA[2] grants the FTC the authority to bring enforcement actions under the statute.  Id.

Second, the FTC argues that defendants' second affirmative defense, that the FTC's complaint fails to state a claim upon which relief can be granted, should be struck because this Court has already ruled that the FTC has stated a claim upon which relief can be granted.  Id. at 3-4.

---

[2] The ECOA states that "a violation of any requirement imposed under [ECOA] shall be deemed a violation of a requirement imposed under [the Federal Trade Commission Act].  All the functions and powers of the Federal Trade Commission under the Federal Trade Commission Act are available to the Commission to enforce compliance by any person with the requirements imposed under [ECOA], . . . including the power to enforce any Federal Reserve Board regulation . . . as if the violation had been a violation of a Federal Trade Commission trade regulation rule."  15 USC § 1691c(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3227 CAS (RCx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION v. GOLDEN EMPIRE MORTGAGE, INC.; ET AL. | | |

Third, the FTC argues that defendants' third affirmative defense—that the complaint is barred by the applicable statute of limitations or laches—should also be struck, because this Court already found that the FTC's complaint was not barred by ECOA's statute of limitations. Id. at 5. The FTC further argues that defendants have provided no basis to explain how the doctrine of laches applies to the claims asserted in the complaint. Id.

Fourth, the FTC argues that defendants' sixth affirmative defense—that defendants' conduct "was in good faith and complied with all applicable contract, covenants, laws, rules, regulations, standards, and statutes . . . . "—should be struck, because the defense of good faith is vague and fails as a matter of law. Id. at 6. The FTC further argues that defendants offered no facts explaining how the defense relates to the allegations in the FTC's complaint, and good faith is not a defense to liability under the FTC Act. Id. at 7.

Fifth, the FTC argues that defendants' seventh affirmative defense, that "any alleged acts or failures were excused by the actions of others," and defendants' ninth affirmative defense, that any violation was a "direct and proximate result of intervening and superseding actions on the part of other parties, persons or entities," should be struck because defendants are silent as to the identities of the "others" who either excused or caused defendants' alleged violations. Id.

Sixth, the FTC argues that defendants' eighth affirmative defense, that sets forth a general statement reserving their right to claim any and all defenses under ECOA and the FTC Act, should be struck because this defense fails to provide any notification whatsoever to the FTC of the specific statutory or regulatory provisions to which they are referring. Id. at 8.

Seventh, the FTC argues that defendants' eleventh affirmative defense, that the FTC's action is barred by the doctrines of waiver, ratification, estoppel, and "other equitable doctrines," is insufficient and should be struck, because merely making a vague reference to a doctrine, without more, does not provide a fair notice of a defense, and they fail as a matter of law. Id. at 9.

Finally, the FTC argues that defendants' prayer seeking dismissal, costs, expenses,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3227 CAS (RCx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION v. GOLDEN EMPIRE MORTGAGE, INC.; ET AL. | | |

and attorneys' fees should be struck, because a motion under Rule 12 is the appropriate mechanism for dismissal, and Rule 54(d) provides the proper method for obtaining costs and fees following judgment. Id. at 10-11.

Motions pursuant to Fed. R. Civ. Pro. 12(f) "are generally disfavored, because they are "so often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Bureerong, 922 F. Supp. at 1478. In a 12(f) motion, the Court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Id. The Court finds that none of the affirmative defenses contain redundant, immaterial, impertinent, or scandalous matter. See id. Rather, the legal merit of all of these arguments is better addressed on a motion for summary judgment. Accordingly, the motion to strike is DENIED in its entirety.

**V.    CONCLUSION**

In accordance with the foregoing, the FTC's motion to strike is DENIED in its entirety

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |